UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRIK GUSTAVSSON,<br><br>　　　　Non-Party,<br><br>　v.<br><br>PLAINTIFFS IN IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH, | No.: 2:20-mc-00111 RSL<br>Northern District of Illinois Case No: 1:19-cv-02170 (Consolidated)<br><br>**MOTION TO QUASH OR MODIFY SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br>**REDACTED**<br><br>Note on Motion Calendar: December 18, 2020 |

MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A
PROTECTIVE ORDER
USDC Case No. _____

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    Patrik Gustavsson, who is currently on leave from his position as a technical pilot at The Boeing Company ("Boeing"), was served with a subpoena pursuant to Fed. R. Civ. P. 45 on November 25, 2020, commanding him to attend a deposition on December 8, 2020.  In light of the intervening holiday, compliance is required merely one full week after the subpoena's issuance.  Rule 45 authorizes the court to quash or modify a subpoena where it fails to allow a reasonable time to comply or imposes an undue burden on the witness.  Similarly, where good cause is shown, Fed. R. Civ. P. 26(c) authorizes the court to issue a protective order to protect a party from annoyance and undue burden, including by specifying the time and place of discovery.

Mr. Gustavsson seeks to quash or modify the subpoena, or in the alternative moves for a protective order, in order to postpone his deposition until the final month of discovery.  This modification is necessary and supported by good cause to avoid an undue burden on his rights, as discussed further below.  Notably, Mr. Gustavsson does not seek to avoid deposition.  Nor will the narrow relief sought delay the civil case or affect the course of discovery, which remains in its early stages.  Accordingly, the relief requested herein should be granted.

## BACKGROUND

Mr. Gustavsson is a pilot by training who is currently on leave from his position as a technical pilot for Boeing where he has worked since October 2014.  In his role as a technical pilot, Mr. Gustavsson's primary involvement with the development of the 737 MAX was to assist in the development of simulators—machines designed to simulate the flight of the 737 MAX on the ground—that would be used in training pilots to fly the 737 MAX.  He had no responsibility for any design or manufacture of the 737 MAX airplane itself.  Mr. Gustavsson is a mid-level Boeing employee who always received the highest ratings in his job reviews and is known among his peers as the ultimate team player. ██████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A
PROTECTIVE ORDER                                2
USDC Case No.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1. ████████████████████████████████████████
2. ████████████████████████████████████████
3. ████████████████████████████████████████
4. ████████████████████████████████████████
5. ████████████████████████████████████████
6. ████████████████████████████████████████
7. ████████████████████████████████████████
8. ██████████████████████████████

This civil lawsuit asserts counts for strict and negligent product liability and failure to warn based upon allegations that the automated flight control system and sensors in the Boeing 737 MAX aircraft were defectively designed and that Boeing failed to warn the public and others of the design flaws. *See* ECF 1, Compl. ¶¶ 69-96, No. 1:19-cv-02170 (N.D. Ill.). To date, discovery remains in the early stages.

On November 25, 2020, plaintiffs served Mr. Gustavsson with a "subpoena to testify at a Zoom deposition in a civil action." Exhibit A, Nov. 25, 2020 Subpoena. The subpoena provided that Mr. Gustavsson's deposition is to take place by Zoom on December 8, 2020, at 9:00 a.m. *Id.*

## LEGAL STANDARD

Mr. Gustavsson was served with a deposition subpoena pursuant to Fed. R. Civ. P. 45. Under Rule 45(d)(3), on a timely motion, "the court from the district where compliance is required must quash or modify a subpoena that:" "(i) fails to allow a reasonable time to comply"; "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or "(iv) subjects a person to undue burden." Those grounds are met here.

Third-party subpoenas under Rule 45 are subject to the limitations of Fed. R. Civ. P. 26. *See Silcox v. AN/PF Acquisitions Corp.*, 2018 WL 1532779, at *3 (W.D. Wash. Mar. 29, 2018). Rule 26(c) provides that "any person from whom discovery is sought may move for a protective order … on matters relating to a deposition, in the court for the district where the deposition will be taken," and the court for good cause may "issue an order to protect a party or person from

MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A
PROTECTIVE ORDER
USDC Case No.

3

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  annoyance, embarrassment, oppression, or undue burden or expense," including by "specifying

2  terms, including time and place … for the disclosure or discovery."[1]

## ARGUMENT

Mr. Gustavsson seeks to quash or modify the subpoena to postpone his deposition from December 8, 2020, as set forth in the subpoena, to the final month of discovery in the civil lawsuit.[2] In the alternative, good cause exists to enter a protective order on the same basis. ████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ As discussed below, requiring his deposition now would impose an undue burden and cause needless prejudice to him.  Notably, Mr. Gustavsson does not seek to *avoid* deposition, but the requested modification would protect his interests and still allow plaintiffs to pursue extensive discovery in this lawsuit, which is in the early stages of discovery.

I.  ███████████████████████████████████████
████████████████████

███████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

---

[1] Counsel for Mr. Gustavsson certifies that they conferred in good faith with plaintiffs' counsel regarding their request to postpone Mr. Gustavsson's deposition, but the parties did not reach agreement.

[2] The discovery cut-off is currently set for March 1, 2021, but in the event that date is extended, Mr. Gustavsson requests relief until the final month of discovery.

MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A PROTECTIVE ORDER
USDC Case No.
4

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022



MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A
PROTECTIVE ORDER
USDC Case No.

5

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022



MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A
PROTECTIVE ORDER       6
USDC Case No.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022



MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A
PROTECTIVE ORDER                    7
USDC Case No.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022



MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A
PROTECTIVE ORDER                                8
USDC Case No.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022



MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A PROTECTIVE ORDER — 9
USDC Case No.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

[Lines 1–11 redacted]

**CONCLUSION**

For the foregoing reasons, Mr. Gustavsson requests that the court quash or modify the subpoena such that his deposition be postponed until the final month of the discovery in this civil action or, in the alternative, enter a protective order on the same basis.

Respectfully submitted.

DATED this 7th day of December, 2020.

MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A
PROTECTIVE ORDER                                10
USDC Case No.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

        K&L GATES LLP
        By   s/Michael D. McKay
           Michael D. McKay, WSBA 7040
        By   s/Aaron E. Millstein
           Aaron E. Millstein, WSBA #44135
        By  s/Benjamin C. Woodruff
           Benjamin C. Woodruff, WSBA #56618
           K&L Gates LLP
           925 Fourth Avenue, Suite 2900
           Seattle, WA 98104
           Telephone: (206) 623-7580
           Fax: (206) 623-7022
           Mike.McKay@klgates.com
           Aaron.Millstein@klgates.com
           Ben.Woodruff@klgates.com


        DOWD BENNETT LLP

        By   s/James Bennett
           James Bennett (Pro Hac Vice Application
           Pending)
        By   s/Gabriel Gore
           Gabriel Gore (Pro Hac Vice Application
Pending)
        By   s/Caitlin E. O'Connell
           Caitlin E. O'Connell (Pro Hac Vice Application
Pending)
           Dowd Bennett LLP
           7733 Forsyth Blvd.
           Suite 1900
           St. Louis, MO 63105
           Telephone: (314) 889-7300
           Fax: (314) 863-2111
           ggore@dowdbennett.com
           jbennett@dowdbennet.com
           coconnell@dowdbennett.com

        *Attorneys for Non-Party Patrik Gustavsson*

MOTION TO QUASH OR MODIFY SUBPOENA OR FOR A
PROTECTIVE ORDER         11
USDC Case No.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# EXHIBIT A

500090309.1

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| IN RE: ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH ) <br> ) <br> This Document Relates to: All Actions ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.  1:19-cv-02170 (Consolidated) <br><br> Honorable Jorge L. Alonso <br> Magistrate Judge M. David Weisman |

**SUBPOENA TO TESTIFY AT A ZOOM DEPOSITION IN A CIVIL ACTION**

To: Patrik Gustavsson
c/o Gabriel Gore and Jim Bennett, DOWD BENNETT, LLP., 7733 Forsyth Blvd., Suite 1900, St. Louis, MO  63105
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: K&L Gates, 925 4th Ave., Suite 2900 <br> Seattle, WA  98104 | Date and Time: <br> December 8 2020 @ 9:00 a.m. pacific |
|---|---|

The Zoom deposition will be recorded by this method:  Video by TC Reporting*

☑ *Production:* You, or your representatives, must also produce to Kevin P. Durkin by December 4, 2020 the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  SEE ATTACHED RIDER

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/25/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | s/Kevin P. Durkin <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Kevin P. Durkin - CLIFFORD LAW OFFICES, 120 N. LaSalle Street, Suite 3100, Chicago, IL  60602; 312-899-9090
KPD@CliffordLaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

*Plaintiffs will be using AgileLaw for electronic presentation of exhibits. Please go to AgileLaw.com/join for more information.

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:19-cv-02170 (Consolidated)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* To Whom It is Directed on *(date)* 11/25/2020 .

☑ I served the subpoena by delivering a copy to the named individual as follows: E-Mail to:
Gabriel E. Gore:  ggore@dowdbennett.com and Jim Bennett:  jbennett@dowdbennett.com
on *(date)* 11/25/2020 ; or

☐ I returned the subpoena unexecuted because:                                                        .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0.00 .

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/25/2020

s/Kevin P. Durkin
*Server's signature*

Kevin P. Durkin, Partner
*Printed name and title*

CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, IL  60602

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## PATRIK GUSTAVSSON SUBPOENA RIDER

1. Any and all Boeing documents retained by you regarding the Boeing 737 MAX and or the Lion Air or Ethiopian 302 crashes;

2. Any and all communications in any fashion between you and any outside counsel for the Boeing Company excluding the firm of Dowd & Bennett;

3. Any and all communications between you and any government entity of the United States, including but not limited to, the Department of Justice, including but not limited to, any subpoenas issued to you; and

4. Any and all personal communications between you and Mark Forkner since 2015 regarding the Boeing MAX and or the Lion Air crash or Ethiopian 302 crash or any criminal investigation related to any of those three matters.